Craig G. Russillo, OSB #973875
Email:  crussillo@schwabe.com
Sara C. Cotton, OSB #085986
Email: scotton@schwabe.com
Schwabe, Williamson & Wyatt, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

*Attorney for Plaintiffs Portland Marche, LLC and Ceres Richland, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PORTLAND MARCHE, LLC, a California limited liability company; and CERES RICHLAND, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>FANNIE MAE, a federally chartered corporation,<br><br>Defendants. | Case No. 3:21-cv-00569-IM<br><br>FIRST AMENDED COMPLAINT<br>(Violation of H.B. 4204; Declaratory Judgment; Fraud/Misrepresentation; Breach of the Duty of Good Faith and Fair Dealing) |

Plaintiffs Portland Marche, LLC, and Ceres Richland, LLC (collectively "Borrowers") alleges as follows:

## PARTIES

1. Portland Marche, LLC is a California limited liability company with its principal place of business in Portland, Oregon. Portland Marche, LLC is licensed and registered to do business in the state of Oregon.

Page 1 -    FIRST AMENDED COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\137466\261138\SCC\30878894.2

2. Ceres Richland, LLC, is a California limited liability company with its principal place of business in Portland, Oregon. Ceres Richland is licensed and registered to do business in the state of Oregon.

3. At all material times, defendant Federal National Mortgage Association, commonly known as Fannie Mae ("Fannie Mae"), was a publicly traded corporation registered to do business in the State of Oregon. Fannie Mae conducts regular and sustained business operations in Multnomah County.

4. At all material times, non-party Walker & Dunlop, LLC, a Delaware limited liability company ("Walker"), and Fannie Mae were acting on behalf of and as the agent, servant, employee and/or representative of each other, with the consent, knowledge and permission of the other, and were acting within the scope and purpose of said agency, employment, authority and/or representation.

## GENERAL ALLEGATIONS

5. On or about April 13, 2017, Borrowers entered into a Mortgage Loan Agreement for the real and personal property known as "11 Marche Apartments," a multi-unit residential apartment building situated in Multnomah County, Oregon, wherein Borrowers obtained a Mortgage Loan from Walker, as lender, for the property commonly known as 1101 SW Market St, Portland, OR 97201 (the "Property"). A true and correct copy of the Mortgage Loan Agreement is attached as **Exhibit 1** and incorporated herein.

6. Consistent with the Mortgage Loan Agreement, Borrowers obtained a loan in the amount of $12,742,000 ("Loan"), evidenced by a Multifamily Note dated April 13, 2017 ("Note"), executed by Borrowers, jointly and severally, to the order of Walker. A true and correct copy of the Note is attached hereto as **Exhibit 2** and incorporated herein.

Page 2 -   FIRST AMENDED COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\137466\261138\SCC\30878894.2

7. The Note was secured by a lien of a Multifamily Deed of Trust, Assignment of Leases and Rents, and Security Agreement ("Security Instrument") encumbering the Property, also executed April 13, 2017, and recorded in the Official Public Records of Multnomah County, Oregon, as Instrument No. 2017-045638. A true and correct copy of the Security Instrument is attached as **Exhibit 3** and incorporated herein.

8. On or about April 13, 2017, Walker assigned the Note and Security Instrument to Fannie Mae. Despite the assignment, Walker remained as servicer of the Loan. The Note, the Security Instrument, and all other documents evidencing and securing the Loan are collectively referred to herein as the "Loan Documents."

9. On or about August of 2017, Portland Marche entered into leases with Barsala, LLC ("Barsala") and Pelican Executive Suites, LLC ("Pelican"). The agreements with Barsala and Pelican permitted Barsala and Pelican to lease a combined total of 28 individual units in the Property to subtenants on a short term basis, at market rent ("Short Term Rentals" or "STRs").

10. On or about December 10, 2019, Fannie Mae wrote a letter to Borrowers claiming the Short Term Rentals and Portland Marche's relationship with Barsala and Pelican amounted to defaults under the Loan Documents. A true and correct copy of the December 10, 2020 letter is attached as **Exhibit 4** and incorporated herein.

11. The Loan Documents do not contain any prohibition of the Short Term Rentals. Nonetheless, Borrowers worked to address Fannie Mae's concerns.

12. On or about December 17, 2019 and January 14, 2020, Borrowers sent email responses to Fannie Mae, providing proof of insurance and additional documentation requested by Fannie Mae, and requested retroactive approval of the Short Term Rentals. A true and correct

Page 3 -   FIRST AMENDED COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\137466\261138\SCC\30878894.2

copy of the December 17, 2019 and January 14, 2020 emails are collectively attached hereto as **Exhibit 5** and incorporated herein.

13. On or about February 21, 2020, Fannie Mae wrote a letter to Borrowers denying Borrowers' request for retroactive approval of the Short Term Rentals, declaring that Borrowers were in default under the Loan Agreement, and accelerating the Note. A true and correct copy of the February 21, 2020 letter is attached hereto as **Exhibit 6** and incorporated herein.

14. On or about April 9, 2020, Walker, by and through its agent and employee, Peter Rowan, sent an email to Borrowers stating the late fees on 11 Marche Apartments would be waived. Additionally, Mr. Rowan acknowledged a phone call with Borrowers wherein it was discussed that payments and the collection of payments would be suspended until the Loan was reinstated. A true and correct of the April 9, 2020 email is attached as **Exhibit 7** and incorporated herein.

15. On or about April 15, 2020, Mr. Rowan, sent an email to Borrowers stating the 11 Marche Apartments "[L]oan will not be eligible for forbearance until we fully resolve our STR issue." A true and correct copy of the April 15, 2020, email is attached hereto as **Exhibit 8** and incorporated herein.

16. On or about May 11, 2020, Borrowers wrote a letter to Fannie Mae detailing Borrowers' proposal for addressing the perceived Short Term Rental issues. Borrowers, through legal counsel, also notified Fannie Mae it was requesting full loan forbearance. Borrowers' legal counsel wrote, "[m]y client is requesting the full benefits of the COVID-19 Forbearance on its full monthly loan payment on the terms being offered by Fannie Mae effective May 1, 2020." A true and correct copy of the May 11, 2020 letter is attached hereto as **Exhibit 9** and incorporated herein.

Page 4 -    FIRST AMENDED COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\137466\261138\SCC\30878894.2

17. On or about May 28, 2020, Fannie Mae, in response to Portland Marche's May 11, 2020, letter and request for loan forbearance, emailed Borrowers a proposed "forbearance agreement" (the "Proposed Forbearance Agreement") that was dated May 27, 2020. A true and correct copy of the May 28, 2020 email and the Proposed Forbearance Agreement is attached hereto as **Exhibit 10** and incorporated herein.

18. On June 17, 2020, Borrowers wrote a letter in response to the Proposed Forbearance Agreement wherein Borrowers responded to the conditions set forth therein. One of those conditions was the termination of the Short Term Rentals. A true and correct copy of the June 17, 2020 letter is attached hereto as **Exhibit 11** and incorporated herein.

19. In the same June 17, 2020 letter, Borrowers explained that due to the State of Oregon's COVID-19 eviction moratorium (Executive Order 20-13), which prohibited termination of the Short Term Rentals for non-payment, termination and eviction of the Short Term Rentals could not be realistically accomplished until the leases expired in September/October 2020.

20. On or about July 27, 2020, to address Fannie Mae's concerns regarding the Short Term Rentals, and to satisfy Fannie Mae's imposed condition to obtain loan payment forbearance, Borrowers wrote a letter to both Barsala and Pelican notifying them that the Short Term Rental leases would not be renewed upon expiration of the current lease terms. A true and correct copy of the July 27, 2020 letters are collectively attached hereto as **Exhibit 12** and incorporated herein.

21. On or about October 5, 2020, Borrowers wrote a letter to Fannie Mae reiterating that they had taken steps to end the Short Term Rentals and would remain in contact with Mr. Rowan. Borrowers also expressed their understanding of, and reliance on, the representations

Page 5 -    FIRST AMENDED COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\137466\261138\SCC\30878894.2

made by Fannie Mae that if Borrowers terminated the Short Term Rentals, the alleged default would be cured and discussions about reinstating the Loan could occur. A true and correct copy of the October 5, 2020 letter is attached hereto as **Exhibit 13** and incorporated herein.

22. On or about October 21, 2020, Fannie Mae wrote a letter to Borrowers stating "Fannie Mae will consider any forbearance request the Borrower may choose to make only after the Loan is reinstated." Fannie Mae also asked for confirmation that, in order to take steps to reinstate the Loan, prior to November 1, 2020, all Short Term Rentals were terminated and all Short Term Rental tenants were required to vacate the units. To confirm its demands were met, Fannie Mae required Borrowers to provide a copy of rent rolls as of November 1, 2020 for 11 Marche Apartments. A true and correct copy of the October 21, 2020 letter is attached hereto as **Exhibit 14** and incorporated herein.

23. On or about November 2, 2020, in response to Fannie Mae's October 21, 2020 letter, Borrowers wrote a letter to Fannie Mae advising it that all Short Term Rentals had been terminated and all Short Term Rental tenants had vacated the Property effective November 1, 2020. Borrowers also provided a copy of the rent rolls as of November 2, 2020. A true and correct copy of the November 2, 2020 letter is attached hereto as **Exhibit 15** and incorporated herein.

24. On or about December 1, 2020, Borrowers wrote an email and letter to Mr. Rowan making a formal COVID-19 request for loan forbearance. In conjunction with this request, Borrowers provided 2020 financial statements demonstrating a loss of income related to the COVID-19 pandemic. A true and correct copy of the December 1, 2020 email, letter, and 2020 financial statements is attached hereto as **Exhibit 16** and incorporated herein.

Page 6 -　　FIRST AMENDED COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\137466\261138\SCC\30878894.2

25.  On or about December 18, 2020, Fannie Mae wrote a letter to Borrowers advising them that Fannie Mae was willing to reinstate the Loan pursuant to the terms of an attached "Reinstatement Agreement," which outlined new terms not previously discussed and amounts that were required to be paid prior to or concurrently with the Reinstatement Agreement's effective date of December 31, 2020. A true and correct copy of the December 18, 2020, letter and Reinstatement Agreement is attached hereto as **Exhibit 17** and incorporated herein by reference.

26.  Borrowers were not willing to sign the Reinstatement Agreement based on Fannie Mae's new and previously undisclosed terms.

27.  From the time Borrowers executed the Loan Documents, through November 2020, Borrowers have made all payments required under the Loan Documents (the "Loan Payments"). Borrowers continued to make Loan Payments because they were not granted the requested forbearance relief.

28.  Fannie Mae has not returned any of the Loan Payments but, apparently, has not applied them to the Loan balance; instead, Fannie Mae has segregated the Loan Payments in a separate account, to which Borrowers have no access. Simultaneously, Fannie Mae imposed late charges ($37,086.63), penalties in the form of "Protective Advances," which represented both a tax and insurance payment that Walker made in November 2020 ($185,597,79), and default interest charges in a total approximate amount of $682,416.00 ($459,830.52), on the basis that Borrowers were not making the required Loan Payments when due.

29.  Relevant to all allegations stated above, on June 6, 2020, Oregon Governor Kate Brown signed into effect Enrolled House Bill 4204 ("H.B. 4204"), which prohibited lenders from, during the emergency period, treating as a default a borrower's failure to make a periodic

Page 7 -    FIRST AMENDED COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\137466\261138\SCC\30878894.2

installment payment, or to pay any other amount that is due to the lender on or in connection with an obligation that is subject to a financing agreement. (H.B. 4204, § 3(a)).

30. The "emergency period" was originally defined to cover the period of March 8, 2020 to September 30, 2020. On August 31, 2020 Governor Brown extended the "emergency period" to end on December 31, 2020. H.B. 4204 is set to expire April 1, 2021.

31. Under H.B. 4204, upon notification by a borrower of its inability to make installment payments due to the COVID pandemic, lenders were specifically required to defer from collecting installment payments during the emergency period. (H.B. 4204, § 3(a)(A)). Additionally, lenders were expressly prohibited from imposing or collecting charges, fees, penalties or other amounts, or imposing a default rate of interest that the lender might have imposed or collected from borrower from failing, during the emergency period, to make an installment payment or pay another amount due on or in connection with the borrower's obligation. (H.B. 4204, § 3(d)(A)).

32. The only requirement for borrower to obtain such relief under H.B. 4204 is that "at any time during the emergency period, the borrower notifies the lender that the borrower will not be able to make the periodic installment payment." (H.B. 4204, § 3(a)). Under this subsection, the borrower need only provide notification to the lender once, and "if the subject property is commercial property or residential property with more than four dwelling units, the notification must include financial statements or other evidence that demonstrates a loss of income related to the COVID-19 pandemic and must disclose any funds the borrower received from the United States Small Business Administration under the Paycheck Protection Program, as implemented under the Paycheck Protection Program Flexibility Act of 2020 (P.L. 116-142) or other state or federal relief programs." (H.B. 4204, § 3(c)).

Page 8 -   FIRST AMENDED COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\137466\261138\SCC\30878894.2

## FIRST CLAIM FOR RELIEF

### (Violation of H.B. 4204, §§ 3(a), (d))

33. Borrowers re-allege and incorporate by reference the allegations contained in paragraphs 1 through 32, above.

34. By conditioning the grant of loan forbearance relief to Borrowers on the resolution of the Short Term Rental issues, defendants violated H.B. 4204, §§ 3(a), (c). Under H.B. 4204, the only condition Borrowers were required to satisfy to obtain forbearance relief was to provide proper notification to lender.

35. At two separate times during the emergency period, on or about May 11, 2020 and December 1, 2020, Borrowers notified defendants that Borrowers were seeking COVID-19 related forbearance relief. On October 21, 2020 and December 1, 2020, Borrowers provided defendants with rent rolls for all 11 Marche Apartments units and 2020 financial statements, respectively, reflecting Borrowers' COVID-19 related income losses. As such, proper notice was provided to defendants. On this basis alone, Borrowers were entitled to total loan payment forbearance relief for the entire emergency period.

36. As a proximate result of Defendants' violation of H.B. 4204, § 3(a), Borrowers have suffered actual damages. Borrowers have made all periodic payments required under the Loan Documents during the emergency period through November 2020, despite requesting relief. Such periodic payments were not applied to the Loan, but were held in an escrow account. Borrowers are entitled to recover their actual damages resulting from the payments made to Fannie Mae during the emergency period. (H.B. 4204, § 8.)

37. In addition, the late fees, penalties, and default interest Fannie Mae imposed on Borrowers during the emergency period were in violation of H.B. 4204, § 3(d).

Page 9 -   FIRST AMENDED COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\137466\261138\SCC\30878894.2

38. During the emergency period, Fannie Mae imposed "Protective Advances," which represented tax and insurance payments that Walker made in November 2020, in the amount of approximately $185,597.70. Fannie Mae imposed default interest in the approximate amount of $459,830.52. Additionally Fannie Mae imposed late charges in the approximate amount of $37,086.63.

39. As a proximate result of Defendants' violation of H.B. 4204, § 3(d), Borrowers have suffered ascertainable damages in the approximate amount of $682,416.00. Plaintiff is entitled to any actual damages arising from this violation. (H.B. 4204, § 8.)

40. Borrowers are entitled to all court costs and attorney's fees under H.B. 4204, § 1(8).

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment)

41. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 32 above.

42. Based, in part, on Fannie Mae's acceptance of Loan Payments subsequent to its purported declaration of default and acceleration of the Note, Fannie Mae has taken action inconsistent with its declaration of default and has waived its right to exercise the default remedies under the Loan Documents, including, without limitation, the ability to accelerate the Note or foreclose on the Property.

43. A justiciable controversy exists between Borrowers and Fannie Mae regarding the interpretation of the Loan Documents with respect to the effect of Fannie Mae's acceptance of the Loan Payments on its declaration of default and acceleration of the Note.

Page 10 -    FIRST AMENDED COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\137466\261138\SCC\30878894.2

44.  Borrowers seek a judicial declaration that they are not in default under the Loan Documents because the Loan Documents do not prohibit Short Term Rentals. Moreover, even assuming an event of default, Borrowers are not in default because: (1) they cured any default by terminating the Short Term Rentals, (2) they relied on Fannie Mae's and Walker's representation as to the status of the Loan, and (3) Fannie Mae's acceptance of Loan Payments after declaring the Loan in default and accelerating the payments under the Note is a waiver of any alleged default.

45.  Under the Loan Documents, Borrowers are entitled to recover their attorney fees and costs incurred with regard to this Second Claim for Relief.

## THIRD CLAIM FOR RELIEF

### (Fraud/Misrepresentation)

46.  Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 32 above.

47.  When Fannie Mae and Walker made the affirmative representations set forth above, namely, that if Borrowers resolved the Short Term Rental leases, Loan forbearance would be given, no fees would be assessed, and Loan reinstatement was possible, they knew them to be false and made these representations with the intention that Borrowers rely on them. Fannie Mae never intended to perform on its promises.

48.  Borrowers, at the time these representations were made, were ignorant of the falsity of the representations and believed them to be true. Fannie Mae had the right to rely upon the representations and reasonably did so by, amongst other actions, terminating all Short Term Rentals. Had Borrowers known the actual facts and that Fannie Mae never intended to fulfill the promises made, Borrowers would not have acted as set forth above. Borrowers justifiably relied

Page 11 -   FIRST AMENDED COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\137466\261138\SCC\30878894.2

on the misrepresentations because Borrowers had a business relationship with Fannie Mae and Walker since April of 2017.

49. As a proximate result of Fannie Mae's misrepresentations, Borrowers have been damaged in an amount to be proven at trial, but not less than $682,416.00. Borrowers have suffered actual damages resulting from the imposition of late fees, despite the fact that Borrowers cured the alleged Short Term Rental issues.

## FOURTH CLAIM FOR RELIEF

### (Breach of the Duty of Good Faith and Fair Dealing)

50. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 49 above.

51. Fannie Mae owed Borrowers a common law duty of good faith and fair dealing in its performance and enforcement of the Loan.

52. Fannie Mae violated the duty of good faith and fair dealing by its dealings outlined above including, but not limited to, improperly declaring a default, making misrepresentations regarding the availability of forbearance and reinstatement, and exercising its discretion in violation of the spirit of the Loan

53. As a result of Fannie Mae's breach, Borrowers have been damaged in an amount to be proven at trial, but not less than $682,416.00.

54. Under the Loan Documents, Borrowers are entitled to recover their attorney fees and costs incurred with regard to this Fourth Claim for Relief.

Page 12 -   FIRST AMENDED COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\137466\261138\SCC\30878894.2

WHEREFORE, Borrowers requests the following relief:

1. On its First, Third, and Fourth Claims for Relief, a judgment and money award against Fannie Mae in an amount to be proven at trial but not less than $682,416.00, together with interest on that amount at the statutory rate of 9% per annum until fully paid;

2. On its Second Claim for Relief, a declaration that Borrowers are not in default under the Loan Documents and that the Loan has been reinstated;

3. For Borrowers' reasonable attorney fees, costs and disbursements incurred in this matter, and

4. For such further and additional relief as the Court deems just and equitable.

Dated this 9th day of June, 2021.

    Respectfully submitted,

    SCHWABE, WILLIAMSON & WYATT, P.C.

By:   *s/ Sara C. Cotton*
    Craig G. Russillo, OSB #973875
    Email: crussillo@schwabe.com
    Sara C. Cotton, OSB #085986
    Email: scotton@schwabe.com
    Telephone: 503.222.9981
    Facsimile: 503.796.2900
    *Of Attorneys for Plaintiffs Portland Marche, LLC and Ceres Richland, LLC*

Page 13 -   FIRST AMENDED COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\137466\261138\SCC\30878894.2