**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**

**PORTLAND MARCHE, LLC,** and **CERES RICHLAND, LLC**,

Plaintiffs,

v.

**FEDERAL NATIONAL MORTGAGE ASSOCIATION**,

Defendant.

Case No. 3:21-cv-00569-IM

**OPINION AND ORDER**

**IMMERGUT, District Judge.**

This action comes before this Court on Plaintiff Portland Marche, LLC's and Ceres Richland, LLC's (collectively, "Plaintiffs") Motion to Strike. ECF 51. Plaintiffs move this Court for an order striking evidence from two declarations filed by Defendant Fannie Mae ("Defendant"): the Declaration of Sarah J. Crooks in Support of Defendant's Motion for Summary Judgment ("Declaration"), ECF 37, and the Supplemental Declaration of Sarah J. Crooks in Support of Defendant's Reply ("Supplemental Declaration"), ECF 50.[1] The District of Oregon's Local Rules prohibit a party on summary judgment from raising evidentiary objections

[1] Defendant titled this declaration, Supplemental Declaration of Sarah J. Crooks In Support of Fannie Mae's Motion for Summary Judgement, but this declaration was filed in conjunction with Defendant's Reply on April 8, 2022. To distinguish between the two declarations, this Court will refer to the Supplemental Declaration as accompanying or having been filed in support of Defendant's Reply.

in a motion to strike rather than in a response or reply memorandum. L.R. 56-1(b). Plaintiffs ask this Court to exercise its authority under L.R. 1-4 to suspend L.R. 56-1(b) and consider this motion. For the reasons discussed below, Plaintiffs' Motion to Strike, ECF 51, is DENIED.

## STANDARDS

Under Federal Rule of Civil Procedure 56, a party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When ruling on a motion for summary judgment, a court may only consider admissible evidence. *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988); *see also* Fed. R. Civ. P. 56(c). For evidence to be admissible, it must be authenticated—a foundation must be laid by "evidence sufficient to support a finding that the item is what its proponent claims it is." Fed. R. Civ. P. 901(a); *see also Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987) ("It is well settled that unauthenticated documents cannot be considered on a motion for summary judgment.").

Under Federal Rule of Civil Procedure 12(f), a party may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The disposition of a motion to strike is within the discretion of the district court. *See Fed. Sav. & Loan Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir. 1990). In general, "[m]otions to strike are disfavored and infrequently granted." *Legal Aid Servs. of Oregon v. Legal Servs. Corp.*, 561 F. Supp. 2d 1187, 1189 (D. Or. 2008). Local Rule 56-1(b) requires parties on summary judgment to assert evidentiary objections in their response or reply memorandum, rather than in a motion to strike. L.R. 56-1(b).

## BACKGROUND

Plaintiffs are California limited liability companies with principal places of business in Portland, Oregon. ECF 21 at ¶¶ 1–2; ECF 22 at ¶ 56. Defendant is a corporation and citizen of

the District of Columbia. ECF 22 at ¶ 55. On or about April 13, 2017, Plaintiffs entered into a mortgage loan agreement for the real and personal property known as 11 Marche Apartments (the "Property") with Walker & Dunlop, LLC ("Walker & Dunlop"), which included a $12,742,000 loan to Plaintiffs. ECF 21 at ¶¶ 5–6; ECF 22 at ¶ 64. The Property is a multi-unit residential apartment building located at 1101 SW Market Street, Portland, Oregon 97201. ECF 21 at ¶ 5. The loan was secured by a lien, executed on April 13, 2017, encumbering the property, rents, and personal property. ECF 21 at ¶ 7; ECF 22 at ¶ 66. That same day, Walker & Dunlop assigned the note and security instrument to Defendant. ECF 21 at ¶ 8; ECF 22 at ¶¶ 71–75, 79.

In Summer 2017, Plaintiffs entered into short-term rental leases ("STRs") with Barsala, LLC ("Barsala") and Pelican Executive Suites, LLC ("Pelican") covering twenty-eight units within the Property. ECF 21 at ¶ 9; ECF 22 at ¶ 80. Subsequently, Plaintiffs and Defendant exchanged a series of correspondence, including letters and emails regarding alleged violations of the loan agreement and events of default related to the STRs, and requests for COVID-19-related forbearance. ECF 21 at ¶¶ 10–24; ECF 22 at ¶¶ 94–97. On or about July 27, 2020, Plaintiffs terminated the STRs with Barsala and Pelican. ECF 21 at ¶ 20. Plaintiffs ceased making regular payments on the loan in or around November 2020, *id*. at ¶¶ 27, 36, and efforts to reinstate the loan failed, *id*. at ¶¶ 25–28.

**PROCEDURAL HISTORY**

On February 17, 2021, Plaintiffs filed suit against Defendant in Multnomah County Circuit Court. ECF 1-2. On April 15, 2021, Defendant removed to federal court, ECF 1, and answered on April 22, 2021, ECF 5. Defendant raises three counterclaims: appointment of a receiver, breach of contract, and judicial foreclosure. *Id*. at ¶¶ 106–142.[2] Plaintiffs filed their

[2] This Court denied Defendant's Motion to Appoint a Receiver on July 7, 2021. ECF 23.

First Amended Complaint on June 9, 2021. ECF 21. Defendant answered on June 23, 2021, raising the same counterclaims. ECF 22. On January 5, 2022, Defendant filed a Motion for Summary Judgment on all of Plaintiffs' claims and on Defendant's third counterclaim. ECF 36. Plaintiff responded on March 4, 2022, ECF 43, and Defendant replied on April 8, 2022, ECF 49. On April 15, 2022, Plaintiffs filed a Motion to Strike portions of the Declaration which accompanied the Motion for Summary Judgment and Supplemental Declaration which accompanied the Reply, ECF 51. On the same day, Plaintiffs also filed a Surreply in Opposition to Defendant's Motion to Strike, ECF 52, which responded to an evidentiary objection raised by Defendant in its Reply. Defendant responded to Plaintiff's Motion to Strike on April 29, 2022. ECF 53.

## DISCUSSION

In the Motion to Strike, Plaintiff filed objections to both the Declaration which accompanied Defendant's Motion for Summary Judgment, ECF 37, and the Supplemental Declaration which accompanied Defendant's Reply, ECF 50. This Court will separately consider the objections to the Declaration and to the Supplemental Declaration.

### A. Plaintiffs' Objections to the Declaration

Local Rule 56-1(b) plainly lays out the requirements for evidentiary objections at summary judgment:

> If an evidentiary objection is raised in the non-moving party's response memorandum, the moving party may address the objection in its reply memorandum; the non-moving party may not file further briefing on its evidentiary objection. If an evidentiary objection is raised by the moving party in its reply memorandum, the non-moving party may file a surreply memorandum pursuant to this subparagraph within seven days addressing only the evidentiary objection; the moving party may not file further briefing on its evidentiary objection.

L.R. 56-1(b).

Plaintiffs are asking this Court to exercise its authority under Local Rule 1-4 to suspend the application of Local Rule 56-1(b). Local Rule 1-4 permits a court to "[in] the interest of justice . . . suspend or modify the application of [the Local Rules]." L.R. 1-4. In other words, Plaintiffs are asking this Court to consider their objections to Defendant's Motion for Summary Judgment that they raised in their Motion to Strike after failing to raise these objections in their Response. Plaintiffs do not explain their failure to comply with the Rules and contend only that the interest of justice supports the suspension of the Rules because of "the possibility that Plaintiffs could have a judgment entered against them that relies heavily on inadmissible evidence." ECF 51 at 2.

Plaintiffs fail to demonstrate that it would serve the interest of justice for this Court to set aside Local Rule 56-1(b) and permit Plaintiffs' objections to the Declaration filed in support of Defendant's Motion for Summary Judgment, ECF 37. First, such action by this Court would prejudice Defendant. Plaintiffs moved to strike portions of the Declaration filed in support of Defendant's Motion for Summary Judgment after Defendant had already filed its Reply. Although Defendant filed a response to Plaintiffs' Motion to Strike, had Plaintiffs properly raised objections in their Response, Defendant would have had the opportunity to address the objections in its Reply and otherwise alter its Reply if necessary. Plaintiffs do not address the prejudice to Defendant and merely offer a conclusory statement that suspending Local Rule 56-1(b) serves the interest of justice.

Moreover, Local Rule 1-4 is discretionary; it provides: "[i]n the interest of justice, a judge *may* suspend or modify the application of these rules." L.R. 1-4 (emphasis added). By contrast, Local Rule 56-1(b) is mandatory: "[r]ather than filing a motion to strike, a party *must* assert any evidentiary objections in its response or reply memorandum." L.R. 56-1(b) (emphasis

added). This Court declines to exercise its discretion to suspend Local Rule 56-1(b) and permit Plaintiffs' objections to the Declaration, ECF 37. *See Cox v. Holcomb Fam. Ltd. P'ship*, No. 3:13-CV-01688-ST, 2014 WL 5462022, at *2 (D. Or. Oct. 26, 2014) (declining to exercise discretion under Local Rule 1-4 to suspend a mandatory Rule). Accordingly, this Court DENIES Plaintiffs' Motion to Strike portions of the Declaration without considering the merits of the objections because Plaintiffs' motion is procedurally improper and would cause prejudice to Defendant.

**B. Plaintiffs' Objections to the Supplemental Declaration**

Plaintiffs also move to strike portions of the Supplemental Declaration which accompanied Defendant's Reply. Local Rule 56-1(b) contemplates two circumstances where evidentiary objections may be raised: if an objection is raised by a non-moving party in its response, the moving party may address it in its reply, and if an objection is raised by a moving party in its reply, the non-moving party may file a surreply. L.R. 56-1(b). The Rule does not address objections raised by a non-moving party to a moving party's reply—the circumstance before this Court. But the only avenue—other than a motion to strike—would be for the non-moving party to raise objections in a surreply, and the moving party to respond in a sur-surreply. Unlike failing to object to a summary judgment motion in a response, objecting to a reply in a motion to strike rather than a surreply does not cause prejudice to the moving party. The moving party is able to respond, and the objections do not undermine a reply memorandum that has already been already filed. Because objections to a reply are not explicitly addressed by Local Rule 56-1(b) and do not cause prejudice to Defendant, this Court will consider the merits of Plaintiffs' objections to the Supplemental Declaration filed in support of Defendant's Reply.

Plaintiffs ask this court to strike the Supplemental Declaration in its entirety because it "offer[s] into evidence new facts." ECF 51 at 4. Otherwise, Plaintiffs ask this Court to strike the

following exhibits as "hearsay and/or not properly authenticated," and provide the following arguments:

- Exhibit 4—letter from Walker & Dunlop to Plaintiffs dated March 11, [2020][3] is hearsay and not properly authenticated
- Exhibit 5—email from Fannie Mae's counsel to Plaintiffs' counsel dated April 9, 2020 is hearsay and not properly authenticated
- Exhibit 7—unsigned forbearance agreement from Fannie Mae to Plaintiff dated July 31, 2020 is hearsay and not properly authenticated
- Exhibit 8—email from Fannie Mae's counsel to Plaintiffs' counsel dated September 17, 2020 is hearsay and not properly authenticated
- Exhibit 9—email chain with statements from non-party Michael Monu dated September 23, 2021 and September 24, 2021 is hearsay and not properly authenticated
- Exhibit 10—email with statements from non-party Michael Monu dated September 30, 2020 is hearsay and not properly authenticated

*Id.* at 4–5.

**1. New Evidence**

Plaintiffs contend that Defendant improperly introduced new facts in its Supplemental Declaration. But Plaintiffs do not identify the new facts to which they object. *See* ECF 51 at 4. Defendant is entitled to respond to the arguments raised by Plaintiffs in their Response. *See Pope v. Wilsonville T LLC*, No. 3:21-CV-00273-SB, 2021 WL 2815800, at *3, n.3 (D. Or. July 6, 2021) (rejecting the argument that a defendant may not "raise facts for the first time in its reply" because "Defendant was entitled to respond to the arguments [the plaintiff] raised in his response."). Plaintiffs have not offered any explanation as to the facts to which they object or why those facts exceed the proper scope of a reply. Accordingly, this Court declines to strike the Supplemental Declaration in its entirety.

[3] Plaintiffs mistakenly state the date of the letter as March 11, 2019. The correct date is March 11, 2020. *See* ECF 50-4.

**2. Authenticity of Evidence in the Supplemental Declaration**

Plaintiffs next contend that six of the documents in the Supplemental Declaration have not been properly authenticated. But five of these documents were produced by Plaintiffs themselves.[4] The Ninth Circuit has deemed documents produced by a party in discovery authentic when offered by the producing party's party-opponent. *See Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 n.12 (9th Cir. 1996); *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 777 n. 20 (9th Cir. 2002); *see also Schedler v. FieldTurf USA, Inc.*, No. 3:16-CV-344-PK, 2018 WL 7132502, at *5 (D. Or. Sept. 11, 2018) ("…as a general rule, documents produced by a party in discovery are deemed authentic when offered into evidence by the producing party's party-opponent."). Accordingly, this Court rejects Plaintiffs' contention that documents produced by Plaintiffs have not been properly authenticated.

Exhibit 4 was not produced by Plaintiffs. It purports to be a letter from Michael Palmer and Pete Rowan, Senior Vice President and Vice President at Walker & Dunlop, to John Evilsizor, owner of Portland Marche, LLC and Ceres Richland, LLC. ECF 50-4. The document was used as an exhibit in the depositions of Mr. Evilsizor and Mr. Rowan. ECF 53 at 3. Defendant attached the deposition exhibit, produced by Defendant, to the Supplemental Declaration, ECF 51-4 ("FMPM_0000020407–412" Bates numbers and "Portland Marche Depo Exhibit 34.1–6" stamps) rather than the identical version produced by Plaintiffs, ECF 53-1 ("PLAINTIFFS0000197–202" Bates numbers). This Court will consider the identical version produced by the Plaintiffs for purposes of the Motion for Summary Judgment. This version has been properly authenticated because it was produced by Plaintiffs and is now offered by

[4] *See* ECF 50-5 ("PLAINTIFFS000174"); ECF 50-7 ("PLAINTIFFS000140–45"); ECF 50-8 ("PLAINTIFFS000135"); ECF 50-9 ("PLAINTIFFS0001469–72"); ECF 50-10 ("PLAINTIFFS000799").

Defendant—Plaintiffs' party-opponent. Accordingly, this Court deems authentic each of the documents in the Supplemental Declaration to which Plaintiffs object.

**3. Admissibility of Evidence in the Supplemental Declaration**

Plaintiffs also contend that Exhibits 4, 5, 7, 8, 9, and 10 in the Supplemental Declaration are inadmissible hearsay. ECF 51 at 4–5. "Hearsay means [an out-of-court] statement that…a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c) (internal citations omitted). A statement that qualifies as hearsay is not admissible "unless any of the following provides otherwise: a federal statute; these rules; or other rules prescribed by the Supreme Court." Fed. R. Evid. 802. A statement is not hearsay when its "significance…lies solely in the fact that it was made…[and] no issue is raised as to the truth of anything asserted." Fed. R. Evid. 801(c), Advisory Committee Notes.

Defendant argues that Exhibits 4, 5, 7, and 8 are not hearsay because they are not offered for the truth of the matter asserted therein. ECF 53 at 3.[5] Defendant represents that these documents contain "repeated reservations of Fannie Mae's rights under the Loan Documents" and are offered to "refute Plaintiffs' contention that [Defendant] waived its right to accelerate and foreclose by acting inconsistently with the Loan having been accelerated." ECF 53 at 4. Exhibits 4, 5, and 7 state, in relevant part: "…the note has been accelerated and the holding of discussions with you does not waive any rights…", ECF 50-4 at 1; "…the loan and the full amount owing on the loan has been demanded and accelerated…", ECF 50-5 at 1; "…Fannie Mae…accelerated all amounts payable under the Loan Documents…. Borrower's obligation to pay the fully accelerated amounts due and owing under the Loan Documents has not been

[5] Defendant refers to "Exhibits 4 through 8," but Plaintiff does not object to Exhibit 6. *Compare* ECF 51 at 4–5 *with* ECF 53 at 3–4.

waived," ECF 50-7 at 1. Exhibit 8 contains emails from Defendant's counsel to Plaintiff's counsel regarding a draft forbearance agreement. ECF 50-8 at 1.

This Court finds that the truth of these statements is immaterial because Plaintiff does not contest the fact that Defendant accelerated the Note. Instead, Plaintiff argues that, after accelerating the Note, Defendant waived the right to accelerate by acting inconsistently with acceleration. Thus, the significance of these statements is, not their truth, but the fact that they were made—they tend to show conduct consistent with acceleration and inconsistent with waiver.

Moreover, even if these documents were offered for their truth, Defendant contends that they are not hearsay because they are verbal acts. ECF 53 at 5. "Out-of-court statements that are offered as evidence of legally operative verbal conduct are not hearsay." *United States v. Pang*, 362 F.3d 1187, 1192 (9th Cir. 2004). "To be a verbal act, a statement must 'affect[] the legal rights of the parties or [be] a circumstance bearing on the rights of the parties.'" *United States v. Corona*, 359 F. App'x 848, 852 (9th Cir. 2009) (citing Fed. R. Evid. 801(c), Advisory Committee Notes) (internal citations omitted). This Court finds that the statements in these documents tend to bear on Defendant's reservation of its contractual rights and are, thus, verbal acts.

Defendant contends that it offers Exhibits 9 and 10 to prove that it was Barsala's nonpayment of rent—not Defendant's alleged representations about loan reinstatement—that motivated Plaintiffs to terminate the STRs with Barsala. ECF 53 at 5. Exhibit 9 is an email exchange between Michael Monu, and another member of the Barsala team, and Ken Vonderach, manager of the 11 Marche Apartments; it contains a settlement offer from Barsala to offset Barsala's debt. ECF 50-9 at 1–2. Plaintiffs rejects the offer and instruct Barsala to vacate upon

lease termination. *Id.* at 1. Exhibit 10 is also an email exchange between Mr. Monu and Mr. Vonderach in which Mr. Vonderach informs Mr. Monu that Barsala must vacate the premises and that all Barsala fobs will be deactivated. ECF 50-10 at 1. This Court finds that the truth of these emails is immaterial because Plaintiffs do not contest the existence of Barsala's debt or the termination of the Barsala STRs. Rather, these emails demonstrate Plaintiffs' motivation in terminating the Barsala STRs. Therefore, Exhibits 9 and 10 are admissible.

## CONCLUSION

Accordingly, Plaintiffs' Motion to Strike is DENIED.

**IT IS SO ORDERED.**

DATED this th day of August, 2022.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge