IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **PORTLAND MARCHE, LLC**, and **CERES RICHLAND, LLC**,<br><br>Plaintiffs,<br><br>v.<br><br>**FEDERAL NATIONAL MORTGAGE ASSOCIATION**,<br><br>Defendant. | Case No. 3:21-cv-00569-IM<br><br>**OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR STAY** |

Craig G. Russillo, Schwabe, Williamson & Wyatt, 360 SW Bond St. Suite 500, Bend, OR 97702. Sara C. Cotton and Nathan D. Sramek, Schwabe, Williamson & Wyatt, 1211 SW 5th Ave Suite 1900 Portland, OR 97204. Attorneys for Plaintiffs.

Sarah J. Crooks and Matthew J. Mertens, Perkins Coie, LLP, 1120 NW Couch St., 10th Floor, Portland, OR 97209. Attorneys for Defendant.

**IMMERGUT, District Judge.**

Before this Court is Plaintiffs Portland Marche, LLC and Ceres Richland, LLC's Motion to Stay Enforcement of Court's Order ("Mot."), ECF 82. Defendant Federal National Mortgage Association does not oppose Plaintiffs' Motion for Stay but asks this Court to impose bond of more than $14.1 million. Response to Motion to Stay ("Resp."), ECF 86 at 3–4. Accordingly,

PAGE 1 – OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR STAY

this Court GRANTS Plaintiff's Motion to Stay Enforcement of Court's Order, ECF 82. However, as explained below, this Court ORDERS Plaintiffs to pay bond to preserve the status quo for the duration of the stay.

## BACKGROUND

On or about April 13, 2017, Plaintiffs entered into a mortgage loan agreement with Walker & Dunlop, LLC ("Walker") for a multi-unit residential apartment building, known as 11 Marche Apartments, loaning $12,742,000 to Plaintiffs. Multifamily Loan and Security Agreement, ECF 21-1, Ex. 1; First Amended Complaint ("FAC"), ECF 21 ¶¶ 5–6. That same day, Walker assigned the Note and security instrument to Defendant, who is the current holder of the loan. FAC, ECF 21 ¶ 8.

During August 2017, Plaintiffs entered into several short-term rental leases ("STRs") to rent unoccupied units. *Id.* ¶ 9. Believing that these STRs violated the terms of the Loan Agreement, Defendant sent Plaintiffs a formal notice of default on December 10, 2019. *Id.* ¶ 10; Notice of Default, ECF 21-1, Ex. 4. On February 21, 2020, Defendant accelerated the loan. FAC, ECF 21 ¶ 13.

On February 17, 2021, Plaintiffs filed suit against Defendant in Multnomah County Circuit Court asserting three claims for relief: (1) violations of Oregon House Bill 4204; (2) a declaratory judgment that Plaintiffs are not in default under the Loan Documents; and (3) Common Law Fraud. Complaint, ECF 1-2, Ex. 2 ¶¶ 32–48. On April 15, 2021, Defendant removed this action to federal court. Notice of Removal, ECF 1. Defendant then answered and raised three counterclaims: (1) Appointment of a Receiver; (2) Breach of Contract; and (3) Judicial Foreclosure. Answer, ECF 5 ¶¶ 106–42. Plaintiffs filed an amended complaint on June 9, 2021 which asserted the same three claims for relief, as well as a claim for Breach of the

Common Law Duty of Good Faith and Fair Dealing. FAC, ECF 21 ¶¶ 33–54. Defendant answered on June 23, 2021, raising the same three counterclaims. Amended Answer, ECF 22.

Shortly before trial, the Parties agreed via email on eight material terms of a settlement agreement. Matthew A. Mertens Declaration ("Mertens Decl."), ECF 76-1, Ex. 1. Based on the Parties' representation that they had reached "a complete and final settlement in princip[le]," this Court entered a 60-day Order of Dismissal to consummate the settlement agreement. *See id.*, Ex. 2; ECF 70. After the parties failed to finalize their settlement agreement, a dispute arose as to whether the eight agreed upon terms represented an enforceable settlement contract. *See* Motion to Enforce Settlement Agreement, ECF 75. Defendant, believing the Parties had settled the case and were bound by those eight terms, filed a Motion to the Enforce Settlement Agreement on November 16, 2023. *Id.* After the Parties fully briefed the motion, this Court held oral argument on December 6, 2023. Minutes of Proceedings, ECF 80.

On December 11, 2023, this Court granted Defendant's Motion to Enforce Settlement Agreement and ordered the Parties to negotiate the remaining undefined terms of the settlement agreement in good faith. Opinion and Order, ECF 81. Soon after, Plaintiffs communicated their intent to appeal this Court's ruling and filed their Motion to Stay Enforcement of Court's Order ("Mot."), ECF 82. Plaintiffs filed a notice of appeal on January 5, 2024. ECF 84. Then, on January 12, 2024 Defendant responded to Plaintiffs' Motion and argued that this Court should impose a bond to protect Defendant's right to repayment under the loan documents during the appeal. Resp., ECF 86.

**LEGAL STANDARDS**

"When a notice of appeal is filed, jurisdiction over the matters being appealed normally transfers from the district court to the appeals court." *Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001) (citation omitted). However, "[t]he district court retains jurisdiction during

PAGE 3 – OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR STAY

the pendency of an appeal to act to preserve the status quo." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (citations omitted). "This exception to the jurisdictional transfer principle has been codified in Rule 62[(d)][1] of the Federal Rules of Civil Procedure." *Id.* "While an appeal is pending from an interlocutory order . . . that grants . . . an injunction, the court may suspend . . . an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d). "This Rule grants the district court no broader power than it has always inherently possessed to preserve the status quo during the pendency of an appeal." *Sw. Marine Inc.*, 242 F.3d at 1166. Because a stay operates for the appellant's benefit and deprives the appellee of the immediate benefits of the court's order, "a full supersedeas bond should be the requirement in normal circumstances." *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, Case No.: 14-cv-02061-H-BGS, 2019 WL 1542110, at *3 (S.D. Cal. Apr. 8, 2019) (citation omitted), *aff'd*, 784 F. App'x 786 (Fed. Cir. 2019). District courts have broad discretion in setting supersedeas bonds. *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987) (citation omitted).

## DISCUSSION

Plaintiffs move this Court to stay its order requiring the Parties finalize the settlement agreement. Mot., ECF 82. In response, Defendant states that it does not oppose Plaintiffs' Motion for a stay, but asks this Court to impose a bond of more than $14.1 million to secure the outstanding loan, which is scheduled to mature on May 1, 2024. Resp., ECF 86 at 4–5. Plaintiffs counter that the value of the underlying property exceeds their debt obligation to Defendant, so

---

[1] "The provisions of Rule 62(d) were formerly set forth in Rule 62(c)." *United States v. Birdsong*, CV 17-72-M-DWM, 2019 WL 1026277, at *1 n.2 (D. Mont. Mar. 4, 2019), *aff'd*, 804 F. App'x 687 (9th Cir. 2020). Accordingly, this Court cites caselaw in its analysis that examines Rule 62(c) before it was renumbered as Rule 62(d).

PAGE 4 – OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR STAY

no bond is necessary to secure the outstanding loan. Mot., ECF 82 at 5. Plaintiffs further argue that a $14.1 million bond is unwarranted because this Court has not issued a judgment for the entire loan amount, nor have Plaintiffs breached their future obligation to repay the loan upon maturity. Plaintiffs' Reply, ECF 90 at 3–4. Although this Court disagrees with Defendant regarding the amount of bond, security is necessary to preserve the status quo. *Cf. Cotton ex rel. McClure v. City of Eureka, Cal.*, 860 F. Supp. 2d 999, 1025 (N.D. Cal. 2012) ("The posting of a bond protects the prevailing [party] from the risk of a later uncollectible judgment . . . ." (quoting *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988)).

Here, this Court imposes bond both to preserve the status quo established by the original loan agreement terms and to preserve the benefits of the Parties' settlement for Defendant in the event that the Court of Appeals affirms this Court's Opinion and Order enforcing the Parties' settlement agreement. Under the loan agreement's undisputed terms, Plaintiffs were obligated to make monthly principal and interest payments of $64,183.84 starting June 2018. *See* FAC, ECF 21, Ex. 1 at 110, 112. Further, Plaintiffs previously conceded that $560,000 represented the past due loan payments from November 2020 through June 2021. *See* Response to Motion to Appoint Receiver, ECF 12 at 16; Declaration of Ken Vonderach, ECF 13, Ex. 17. Plaintiffs indeed offered to pay Defendant this amount when they responded to Defendant's Motion to Appoint Receiver, ECF 12, on May 11, 2021. Moreover, the settlement agreement and this Court's Opinion and Order would have "reinstate[d] the [prior] Loan" and provided Defendant with a "$560,000 cashier's check," Mertens Decl., ECF 76, Ex. 1—meaning that Defendant's benefit from the Opinion and Order Plaintiffs now on appeal would generally have been equivalent to the monthly payments and $560,000 lump sum outlined above.

PAGE 5 – OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR STAY

Accordingly, beginning on March 15, 2024, and continuing on the first day of each month during the pendency of the appeal, Plaintiffs are ORDERED to pay $64,183.84 to the Clerk of the Court. Further, Plaintiffs are ORDERED to pay $560,000 to the Clerk of the Court no later than March 29, 2024.

## CONCLUSION

This Court GRANTS Plaintiffs' unopposed Motion to Stay Enforcement of Court's Order, ECF 82. This Court ORDERS Plaintiffs to pay $64,183.84 beginning March 15, 2024 and on the first day of each following month during the pendency of the appeal. This Court also ORDERS Plaintiffs to pay $560,000 to the Clerk of the Court no later than March 29, 2024.

**IT IS SO ORDERED.**

DATED this 21st day of February, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge