# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **PORTLAND MARCHE, LLC**, a California limited liability company, and **CERES RICHLAND, LLC**, a California limited liability company,<br><br>　　Plaintiffs,<br><br>　v.<br><br>**FEDERAL NATIONAL MORTGAGE ASSOCIATION**, a federally chartered corporation known as Fannie Mae,<br><br>　　Defendant. | Case No. 3:21-cv-00569-IM<br><br>**JUDGMENT** |

　Based on the Court's Order Lifting Stay, ECF 133, and the parties' stipulated judgment and decree of foreclosure, ECF 142, **IT IS ADJUDGED** that the attached stipulated findings and judgment of foreclosure are hereby entered.


　DATED this 30th day of July, 2025.

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Karin J. Immergut
　　　　　　　　　　　　　　　　　　　　　　　　Karin J. Immergut
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

Holly C. Hayman
Hhayman@fwwlaw.com
Farleigh Wada Witt
121 SW Morrison Street, Suite 600
Portland, Oregon 97204
Telephone: 503.228.6044
Facsimile:
*Attorneys for Defendant Fannie Mae*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **PORTLAND MARCHE, LLC**, a California limited liability company, **CERES RICHLAND, LLC**, a California limited liability company,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>**FEDERAL NATIONAL MORTGAGE ASSOCIATION**, a federally chartered corporation known as Fannie Mae,<br><br>　　　　　　Defendant. | Case No. 3:21-cv-00569-IM<br><br>STIPULATED JUDGMENT AND DECREE OF FORECLOSURE |

Craig G. Russillo and Sara C. Cotton, Schwabe, Williamson & Wyatt, 1211 SW 5th Ave, Suite 1900 Portland, OR 97204. Attorneys for Plaintiffs.

Holly C. Hayman, Farleigh Wada Witt, 121 SW Morrison Street, Suite 600, Portland, Oregon 97204 and Daniel S. Dooley, Polsinelli PC, 900 West 48th Place, Suite 900, Kansas City, Missouri 64112. Attorneys for Defendant.

PAGE 1 – STIPULATED JUDGMENT AND DECREE OF FORECLOSURE

Pursuant to the below stipulation, the following findings and judgment of foreclosure are hereby entered:

FINDINGS OF FACT:

1. This case is a dispute concerning a commercial real estate loan (the "**Loan**") made to plaintiffs Portland Marche, LLC and Ceres Richland, LLC (together, "**Plaintiffs**") on April 13, 2017, in the original principal amount of $12,742,000.00. The Loan is evidenced in part by a Multifamily Loan and Security Agreement dated as of April 13, 2017, entered into by and between Plaintiffs and Walker & Dunlop, LLC ("**Original Lender**"). The Loan is further evidenced by a Multifamily Note made in favor of Original Lender dated as of Aril 13, 2017, the makers of which are Plaintiffs. As evidenced in part by that certain Assignment of Security Instrument dated as of April 13, 2017, and recorded in the Multnomah County Official Records as Document No. 2017-045639, Defendant Federal National Mortgage Association, a federally chartered corporation known as Fannie Mae ("**Defendant**" or "**Fannie Mae**") is the current owner and holder of the Loan.

2. The Loan is secured by a Multifamily Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated as of April 13, 2017, and recorded in the Multnomah County Official Records as Document No. 2017-04638 (the "**Deed of Trust**"). The Deed of Trust grants a first-priority lien on certain real property commonly known as 11 Marche Apartments, located at 1101 SW Market Street, Portland, Oregon 97201, and certain personal property associated therewith (collectively, the "**Property**").

3. On December 11, 2023, the Court entered its Opinion and Order enforcing a settlement between the parties, (the "**Settlement Order**") (Doc. 81), which is comprised of a written Settlement and Release Agreement and a companion Reinstatement Agreement

PAGE 2 – STIPULATED JUDGMENT AND DECREE OF FORECLOSURE

137466\261138\CGR\48544418.2

(collectively, the "**Settlement**"). Under the Settlement, among other things, the parties released each other from all Claims (as defined in the Settlement documents), which includes any claim by Defendant that Plaintiffs or the Guarantors (as defined below) are personally liable to repay the Loan. Plaintiffs appealed the Court's enforcement of the Settlement. (Doc. 84.) On May 12, 2025, the Ninth Circuit affirmed the Court's enforcement of the Settlement. (Doc. 132.)

      4.    On June 6, 2025, the Court ordered the parties to submit a proposed form of Judgment. (Doc. 133.) The Settlement did not change the maturity date of the Loan or the obligation to pay all amounts due and owing on the maturity date. The Loan matured on May 1, 2024, while the appeal was pending. Plaintiffs have failed to pay amounts due and owing to Defendant upon the maturity of the Loan.

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED,

    A.    On Defendant's Third Claim for Relief (Judicial Foreclosure of Trust Deed), under ORS Chapter 88, Defendant is entitled to a judgment of foreclosure (the "**Judgment**") against Plaintiffs in the amount of $18,486,460.97 (the "**Judgment Amount**"), calculated as follows.

| | |
|---|---|
| PRINCIPAL: | $12,390,643.29 |
| INTEREST (2/1/2020 - 4/30/2024): | $2,377,076.08 |
| PROTECTIVE ADVANCES: | $1,022,310.21 |
| DEFAULT INTEREST: | $2,764,490.19 |
| LATE CHARGES: | $202,580.76 |
| LEGAL FEES: | $434,555.00 |
| BROKER PRICE OPINION FEE: | $1,000.00 |
| SPECIAL RESERVE ADMIN FEE: | $1,500.00 |
| UCC FILING FEE: | $23.70 |
| PROCESSING FEE: | $750.00 |
| LESS FUNDS IN SUSPENSE: | ($663,455.33) |
| LESS FUNDS IN PROPERTY TAX ESCROW | ($45,012.93) |
| LESS FUNDS IN INSURANCE ESCROW : | ($374.84) |
| LESS REPLACEMENT RESERVE | ($32,759.77) |
| **TOTAL PAYOFF AMOUNT:** | **$18,486,460.97** |

1. Fannie Mae's Deed of Trust is declared to be a lien upon the Property for the Judgment Amount.

2. The lien created by the Deed of Trust is superior to the interests of any of the Plaintiffs or any other lienholder with notice of this action.

3. The Deed of Trust upon the Property shall be foreclosed, and the title, claim, interest, or demand of Plaintiffs in said Property, and every part thereof, is foreclosed.

4. The Property, with all of its appurtenances, rights, privileges, and easements shall be sold on execution by the Sheriff for Multnomah County, Oregon (the "**Sale**"), after giving notice as required by law; Defendant may be and become a purchaser at said Sale by credit bidding the amount of the Judgment or any other amount allowed under Oregon law.

5. Fannie Mae has submitted a Declaration of Amount Due and is owed the total amount due under the Note and Deed of Trust and any future advances and/or fees that may be made or incurred pursuant to the terms of the Note and Deed of Trust up to the date of the execution sale. This amount is to be satisfied by the sale of the Subject Property as directed under this Judgment.

6. Fannie Mae is owed reasonable attorney fees plus the remaining flat fees for an uncontested execution on the Judgment, pursuant to the Note and Deed of Trust and ORCP Rule 68(C), which amount may be added to the outstanding obligation due and owning under the Note and Deed of Trust and recovered from the proceeds of the sheriff's sale. Pursuant to the Deed of Trust, these fees continue to accrue to the date of the execution sale. This amount is to be satisfied by sale of the Subject Property as directed under this Judgment.

7. Fannie Mae is owed costs of suit pursuant to the Note and Deed of Trust, ORCP Rule 68(A)(2) and ORS 20.115(4), which may be added to the outstanding obligation due

and owing under the Note and Deed of Trust and recovered from the proceeds of the sheriff's sale. Pursuant to the Deed of Trust, those costs continue to accrue to the date of the execution sale. This amount is to be satisfied by sale of the Subject Property as directed under this Judgment.

8. If Defendant is the successful purchaser at the Sale, Defendant shall be entitled to exclusive and immediate possession of the Property, and every part thereof; and Defendant shall be entitled to such remedies as are available at law to secure such position, including a writ of assistance, if Plaintiffs or any other parties or persons shall refuse to immediately surrender possession to Defendant.

9. If a third party other than Defendant shall be the prevailing bidder at the Sale, the redemption period set forth in ORS 18.964 shall apply.

10. Immediately after the Sale, the Sheriff shall give such prevailing bidder a Certificate of sale, and unless the Property is redeemed before the expiration of the redemption period thereunder, a deed to the Property.

11. The proceeds of the Sale shall be applied as follows:

   a. First, to costs and expenses of sale;

   b. Second, to satisfy this Judgment in full, including attorney fees, interest, and costs;

   c. Third, to junior lienholders in order of priority, if any; and

   d. Fourth, any surplus to the Clerk of the Court for further disposition.

12. The parties agree that the indebtedness owed under the Loan Documents is hereby merged into this Judgment and has become the Judgment Amount. The Parties further agree that liability for the Judgment Amount is *in rem* against the Property only, and that neither Plaintiffs nor Plaintiffs' principals, John Evilsizor and Mary Evilsizor (collectively, "Guarantors"), are

PAGE 5 – STIPULATED JUDGMENT AND DECREE OF FORECLOSURE

137466\261138\CGR\48544418.2

personally obligated to repay the Judgment Amount or any attorney fees or court costs to which Defendant may be entitled under the Judgment or Loan documents. The parties further agree that any claims arising under the Loan documents on or prior to October 19, 2023, including without limitation, under Article 3 of the Loan Agreement, against the Borrowers or the Guarantors are forever extinguished and that neither Borrowers nor Guarantors, nor any of them, shall have any personal liability to Defendant arising out of such claims.

B. Borrower, for itself and any other person for whom it has authority, shall assign, in a form acceptable to Fannie Mae, any redemption rights Borrower may have under ORS 18.964 or otherwise.

C. The remainder of the parties' claims and counterclaims in this action are hereby dismissed with prejudice, and without attorney fees or costs to any party, with the exception of the fees and costs described in paragraph A(6) herein, which shall be satisfied as directed in this Judgment.

D. The Court's Order Appointing Receiver (the "**Receiver Order**"), (Doc. 109), shall remain in full force and effect. The appointed receiver ("**Receiver**") shall remain in place until the Property is sold at a foreclosure sale. The Court shall retain jurisdiction of this action and the parties to enforce this Judgment and the Receiver Order until completion of the Sale ordered herein. Nothing in this Judgment shall prohibit or prevent the Receiver taking any action authorized by the Receiver Order prior to completion of the Sale, including marketing the Property for sale or filing a motion with the Court to sell the Property as set forth in Section 1(W) of the Court's Receiver Order.

E. In the event of a proposed sale of the Property by the Receiver, the parties waive application of 28 U.S.C. § 2001(b) to such sale.

PAGE 6 – STIPULATED JUDGMENT AND DECREE OF FORECLOSURE

137466\261138\CGR\48544418.2

F.  The Court understands that the Defendant intends to register this judgment in the Circuit Court for the State of Oregon, County of Multnomah and to seek a writ of execution for the Multnomah County Sheriff to sell the Property.  Upon sale of the Property by the Sheriff, a motion to terminate the appointment of the receiver must be filed and this case shall be closed by the clerk upon entry of an order terminating the appointed receiver but shall remain open until that time.  Defendant shall be permitted to seek the assistance of the Court in the enforcement of the Receiver Order if necessary, notwithstanding this judgment.

PAGE 7 – STIPULATED JUDGMENT AND DECREE OF FORECLOSURE

137466\261138\CGR\48544418.2

## DECLARATION OF AMOUNT DUE

## THIS IS A MONEY JUDGMENT OF FORECLOSURE AND DOES NOT CONSTITUTE A MONEY AWARD AGAINST ANY PLAINTIFF.

1. The total amount of the unpaid principal balance, interest and other amounts owed is **$18,486,460.97.**

2. The judgment amount is calculated as follows:

| | |
|---|---|
| PRINCIPAL: | $12,390,643.29 |
| INTEREST (2/1/2020 - 4/30/2024): | $2,377,076.08 |
| PROTECTIVE ADVANCES: | $1,022,310.21 |
| DEFAULT INTEREST: | $2,764,490.19 |
| LATE CHARGES: | $202,580.76 |
| LEGAL FEES: | $434,555.00 |
| BROKER PRICE OPINION FEE: | $1,000.00 |
| SPECIAL RESERVE ADMIN FEE: | $1,500.00 |
| UCC FILING FEE: | $23.70 |
| PROCESSING FEE: | $750.00 |
| LESS FUNDS IN SUSPENSE: | ($663,455.33) |
| LESS FUNDS IN PROPERTY TAX ESCROW | ($45,012.93) |
| LESS FUNDS IN INSURANCE ESCROW : | ($374.84) |
| LESS REPLACEMENT RESERVE | ($32,759.77) |
| **TOTAL PAYOFF AMOUNT:** | **$18,486,460.97** |

3. Post judgment interest shall accrue thereafter on the total judgment amount the contract rate of interest or 9.00%, whichever is greater, through the date of sale.

**IT IS SO STIPULATED** this 18th day of July, 2025.

| POLSINELLI PC | SCHWABE, WILLIAMSON & WYATT PC |
|---|---|
| /s/ Daniel Dooley | /s/ Craig G. Russillo |
| Daniel Dooley, MSB No. 60272 | Craig G. Russillo, OSB No. 973875 |
| Email: ddooley@polsinelli.com | Email: crussillo@schwabe.com |
| 900 West 48th Place, Suite 900 | Sara C. Cotton, OSB No. 085986 |
| Kansas City, MO 64112 | Email: scotton@schwabe.com |
| Telephone: 816.573.1000 | 1211 SW 5th Ave., Suite 1900 |
| *Attorneys for Defendant Fannie Mae* | Portland, OR 97204 |
| *Admitted Pro Hac Vice* | Telephone: 503.222.9981 |
| | *Attorneys for Plaintiffs Portland Marche, LLC and Ceres Richland, LLC* |

PAGE 8 – STIPULATED JUDGMENT AND DECREE OF FORECLOSURE

SUBMITTED BY:

*/s/ Holly C. Hayman*
FARLEIGH WADA WITT
Holly Hayman, OSB #114146
(503) 228-6044
hhayman@fwwlaw.com
*Attorneys for Defendant*

PAGE 9 – STIPULATED JUDGMENT AND DECREE OF FORECLOSURE

137466\261138\CGR\48544418.2